UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMOND K. WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1405 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

Movant Amond K. Williams brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Williams was sentenced to a term of 120 months imprisonment following his plea of guilty to a one-count indictment charging him with possession with intent to distribute in excess of fifty grams of crack cocaine. Criminal Case No. 4:05CR551 CDP. He did not appeal.

As his grounds for Section 2255 relief, Williams alleges that the government committed prosecutorial misconduct, and that he received ineffective assistance of counsel. These claims arise from Williams's belief that he pleaded guilty to and was sentenced based on an incorrect amount of crack cocaine. The record reveals, however, that the quantity of crack cocaine was correct, and there is no evidence to support his claims for relief. Because the record before me

conclusively refutes Williams's contentions, I will deny the motion without a hearing.

## Background

In September of 2005, members of the St. Louis Metropolitan Police Department began investigating Williams because they suspected that he was selling crack cocaine in St. Louis. They were aided by a confidential informant, who told the police that Williams would typically procure crack for the informant from an unidentified third-party. On September 26, the informant planned to meet with Williams in order to purchase crack cocaine. Equipped with a recording device, the informant picked Williams up and drove him to an arranged location to purchase the crack cocaine from the third-party. Once Williams and the informant arrived at the location, Williams exited the informant's vehicle and met with the third-party, who entered the informant's vehicle with Williams. The informant was then given crack cocaine, and Williams was arrested by the police.

The City of St. Louis Metropolitan Police Department forensic laboratory analyzed the crack cocaine, and determined that it weighed 53.49 grams. This quantity triggered the ten-year mandatory minimum sentence under 28 U.S.C. § 841(b)(1)(A). Williams was indicted by a grand jury in the United States District Court for the Eastern District of Missouri for possession with intent to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

Williams pleaded guilty to that charge in January of 2006. However, in March of 2006, Williams filed a motion to have the crack cocaine re-weighed, which I granted over the government's objection. At the re-weighing, the quantity of crack cocaine was determined to be 47.49 grams, but the forensic chemist who re-weighed it opined that the different weight resulted from evaporation of about six grams of moisture.

Williams did not ask to withdraw his plea, nor did he file any objections to the pre-sentence report. On July 27, 2007, I sentenced Williams to the mandatory minimum sentence of 120 months imprisonment. Williams now files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Williams alleges that the government committed prosecutorial misconduct because it knew that Williams was being sentenced according to an erroneous weight amount, and failed to disclose the correct amount to Williams. Additionally, Williams claims that his trial counsel was ineffective in the following ways:

1.　He coerced Williams to plead guilty to an erroneous drug quantity – 53.49 grams of crack cocaine instead of the 47.49 grams Williams contends he was really in possession of on September 26, 2005.

2.　He failed to object to the erroneous drug quantity stated in the pre-sentence report, and allowed Williams to be sentenced under erroneous weight amounts.

## Discussion

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is not entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). However, no hearing is required when the claim is inadequate on its face, or the record affirmatively refutes the factual assertions upon which the claim is based. *Id.* As noted in more detail below, I find that Williams's claims are affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

### Prosecutorial Misconduct Claim

Williams contends that the government committed prosecutorial misconduct because it failed to disclose to Williams at his sentencing hearing that he was being sentenced according to an erroneous amount – 53.49 grams of crack cocaine, instead of 47.49 grams. The record refutes the claim that the prosecutor failed to disclose this disparity. The disparity was disclosed to Williams and was discussed at the sentencing hearing. Additionally, as previously discussed, the crack cocaine found in Williams's possession on September 26, 2005 did, in fact, weigh 53.49 grams at the time he possessed it. Even if the crack cocaine weighed

47.49 grams in May of 2006, "[f]or sentencing purposes, the proper weight is the amount at the time of the offense . . . ." *United States v. Johnson*, 129 Fed. Appx. 966, 971 (6th Cir. 2005); *see also, e.g.*, *United States v. Coleman*, 166 F.3d 428, 431-32 (10th Cir. 1999) (holding that residual water found in crack cocaine is to be included in the amount for which defendant is charged as possessing). Thus, the government did not commit any misconduct by charging him with possessing more than 50 grams of crack. Moreover, the record reveals that any difference in the weight between September and May was attributable to the evaporation of six grams of moisture, not prosecutorial misconduct.

Finally, Williams's contention that the government committed misconduct by failing to reveal to him that the crack weighed 47.49 grams at the May 2006 re-weighing is simply incorrect. It was Williams who filed a motion to have the crack re-weighed, and he was informed of the results. With knowledge of the results of the re-weighing, Williams did not ask to withdraw his plea, but instead went forward with the sentencing and raised no objections to the quantity assessed in the presentence report – 53.49 grams. Because the record conclusively refutes Williams's allegation of prosecutorial misconduct, I will deny this claim for relief without a hearing.

## Ineffective Assistance of Counsel Claims

Williams asserts that counsel was ineffective because he coerced Williams to plead guilty to an incorrect amount of crack cocaine, and because he failed to object to Williams's sentence being based on that drug quantity. Neither argument supports a claim of ineffective assistance of counsel.

The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient, and fell below an objective standard of reasonableness. *Id.* at 687-88. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Additionally, a defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1. F.3d 697, 700 (8th Cir. 1993). To show ineffective assistance of counsel in the context of a guilty plea, a movant must show that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Williams contends that his counsel was ineffective because counsel "coerced" Williams into pleading guilty to an erroneous drug quantity. That contention is refuted by the record. Williams's own sworn statements before me belie his argument. In the plea agreement Williams signed, he acknowledged that no person, including counsel, "threatened or coerced" him to do anything in connection with his criminal case, including entering a plea of guilty. And, at his guilty plea, Williams admitted under oath that he was guilty of possessing with intent to distribute 53.49 grams of cocaine base or crack, in violation of 21 U.S.C. § 841(a)(1). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier to any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Williams's repeated admissions of his possession of 53.49 grams of crack cocaine, together with his sworn statements that counsel did not coerce him into pleading guilty, present a formidable barrier, and nothing in his current motion or brief has overcome that barrier. Accordingly, I will deny this claim without a hearing. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993) (in determining whether Section 2255 movant is entitled to an evidentiary hearing, the court must take many of movant's factual averments as

true, but it need not give weight to conclusory allegations, self-interested characterizations, or discredited inventions).

Williams also asserts that counsel was ineffective for failing to object to the erroneous drug quantity in the pre-sentence report. As with his other grounds for relief, however, this ground fails because the drug quantity in the presentence report was correct. Additionally, the record reveals that, by agreeing to plead guilty to possessing 53.49 grams, Williams was able to receive a reduced sentence. Williams had two prior state convictions for drug offenses at the time he was arrested in 2005. Because of these prior convictions, the government could have sought an enhanced punishment under 21 U.S.C. § 841(b), which would have resulted in a sentence with a mandatory minimum sentence of twenty years imprisonment. Instead, the government agreed not to file an information charging the prior convictions, resulting in only a ten-year mandatory minimum sentence.

Contrary to Williams's contentions, counsel was not ineffective for failing to object to the quantity of crack cocaine listed in the pre-sentence report. There is no evidence in the record that, because of counsel's deficiencies, Williams would have not pleaded guilty to possessing with intent to distribute 53.49 grams of crack cocaine, but instead, would have proceeded to trial. *See Hill*, 474 U.S. at 57-59. Rather, the record conclusively reveals that Williams agreed to plea to

possessing 53.49 grams in order to receive a reduced sentence. Thus, I will deny this claim for relief without a hearing.

**Certificate of Appealability**

As Williams has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 33 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

**IT IS HEREBY ORDERED** that Amond K. Williams's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2009.